In the Matter of CHANLER A. CHAPMAN, Petitioner, against PAÚL L. Ross et al., Constituting the Temporary City Housing Rent Commission, Respondents.

Supreme Court, Special Term, New York County, December 29, 1947.

*Lewis & Herrick* for petitioner.

*James P. Murtagh* for respondents.

O'BRIEN, J. The motion is granted. This certificate of eviction was denied in the order of denial dated November 26, 1947, for the following reason: " Although a statutory ground for a certificate is alleged, the facts before the Commission did not entitle the landlord to a certificate."

The commission did not conduct a hearing in reference to this application and what facts it refers to and upon which it is presumed its decision was based are not set forth, unless it refers to an unsworn general statement in opposition by the tenant which contains general conclusions and statements of no merit as far as the granting or rejection of the application was concerned.

The statement is replete with statements, criticisms and in general innuendoes directed to the social and financial standing of the owner of the premises and other references, none of which can be asserted as a reason for denying an owner his rightful possession or sufficient to dispel the prima facie good faith of the owner's application. The possibility of a future sale or the failure of the owner to seek earlier occupancy did not in and of themselves warrant a finding that the owner does not in good faith intend to occupy the premises.

The final determination of the question of good faith must await the trial in the Municipal Court after this certificate has been issued.

In considering this record the fact that a governmental agency previously in charge of such applications favorably passed upon the same type of application and granted an order of eviction after a hearing at which this owner and this tenant appeared with counsel and testified cannot be overlooked.

In the absence of a hearing and an exhibition of facts upon which the determination of the commission was based, the conclusion is unavoidable that the certificate was denied upon the highly prejudicial unsworn statement of the tenant. Submit order.